UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| ZIX CORPORATION,<br><br>    *Plaintiff*,<br>v.<br><br>ECHOWORX CORPORATION,<br><br>    *Defendant and Third-Party Plaintiff*,<br>v.<br><br>MICROSOFT CORPORATION,<br><br>    *Third-Party Defendant*. | Civil Action No. 2:15-cv-1272-JRG<br><br>JURY TRIAL DEMANDED |

## ORDER

Before the Court is the Motion to Dismiss Echoworx's Third-Party Complaint filed by Third-Party Defendant Microsoft Corporation ("Microsoft"). (Dkt. No. 33, "Mot.") Echoworx Corporation ("Echoworx") opposes the Motion. (Dkt. No. 54, "Resp.")

The Court held a hearing on this Motion on February 29, 2016. (Dkt. Nos. 69, 70.) As a result, the Parties' Agreed Motion to Expedite Hearing on this Motion is therefore rendered moot. (Dkt. No. 60.) For the reasons below, the Court finds that the Motion to Dismiss should be and is hereby **GRANTED**. (Dkt. No. 54.)

### BACKGROUND

Plaintiff Zix Corporation ("Zix") brought this lawsuit against Defendant Echoworx, asserting that Echoworx infringes U.S. Patent No. 6,760,752 ("'752 Patent") through Echoworx's "software products or services," including Encrypted Mail. (Dkt. No. 1 at ¶ 13.)

Defendant Echoworx then brought a third-party complaint joining Microsoft in this case, contending that Echoworx's accused Encrypted Mail product is a plug-in for Microsoft Outlook and that the plug-in cannot operate without the underlying Microsoft product. (*See* Dkt. No. 13 at ¶ 2, "Third-Party Compl."). Echoworx argues in its third-party complaint that it cannot be liable for infringing any claim of the '752 Patent with its Encrypted Mail Outlook plug-in product unless Microsoft Outlook infringes at least claim 62 of the '752 Patent. (Third-Party Compl. at ¶¶ 9–10.)

Echoworx's third-party claim against Microsoft is based solely on Chapter 33 of the Texas Civil Practice and Remedies Code, entitled "Proportionate Responsibility," which establishes Texas's comparative fault regime for state-law torts. *See* Tex. Civ. Prac. & Rem. Code § 33.001 *et seq*. Echoworx alleges that Microsoft is a "Contribution Defendant" under the state statute and seeks contribution from Microsoft for any damages for which Echoworx might be liable. (Third-Party Compl. at ¶ 16.)

Microsoft moves this Court to dismiss Echoworx's third-party complaint, arguing that Echoworx's third-party claim for contribution against Microsoft, which invokes the Texas "Proportionate Responsibility" statutory tort regime, fails as a matter of law and therefore fails to state a claim upon which relief could be granted. (Mot. at 1.)

**APPLICABLE LAW**

A complaint must contain a claim "showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). The facts pleaded must, when accepted as true, state a claim for relief that is plausible on its face—that is, the facts pled must allow the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A complaint that fails to state a proper claim should be dismissed. *Id.*;

FED. R. CIV. P. 12(b)(6). Dismissal under Rule 12(b)(6) is proper if a claim is preempted by federal law. *Simmons v. Sabine River Auth. La.*, 732 F.3d 469, 473 (5th Cir. 2013) (affirming dismissal of state-law negligence claims preempted by the Federal Power Act).

The Texas comparative fault statute at issue here applies to "any cause of action based on tort in which a defendant . . . is found responsible for a percentage of the harm for which relief is sought." Tex. Civ. Prac. & Rem. Code § 33.002(a)(1). A defendant who (1) is found jointly and severally liable for the harm and (2) actually pays to the plaintiff a percentage of damages greater than its percentage of responsibility may have a right to contribution against other defendants or potentially-responsible parties. *See id.* § 33.015(a). Echoworx alleges that Microsoft is a "Contribution Defendant" as defined in the Texas statute. (Third-Party Compl. at ¶ 16.) Under Texas law, a Contribution Defendant is "any defendant, counter-defendant, or third-party defendant from whom any party seeks contribution with respect to any portion of damages for which that party may be liable, but from whom the claimant seeks no relief at the time of submission." Tex. Civ. Prac. & Rem. Code § 33.016(a).

Federal Rule of Civil Procedure 14(a) provides the basis for serving a third-party complaint: "[a] defending party may, as [a] third-party plaintiff, serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it." However, the act of impleading a third-party under Rule 14 is proper only in limited circumstances:

> . . . when a right to relief exists under the applicable substantive law; if it does not, the impleader claim must be dismissed. If, for example, the governing law does not recognize a right to contribution or indemnity, impleader for these purposes cannot be allowed.

6 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice & Procedure* § 1446 (3d ed. 2010).

## ANALYSIS

### I.   Federal Patent Law Does Not Establish a Right to Contribution

Microsoft argues that there is no federal common law right to a claim for contribution in patent law. Furthermore, Microsoft argues, under the Patent Act, there is no claim for contribution for patent infringement, and only Zix (the patentee), not Echoworx, has standing to allege induced or contributory infringement. Therefore, Echoworx's claim for contribution fails as a matter of law and should be dismissed. (Mot. at 5–6.)

In response, Echoworx concedes that there is no federal right to contribution but argues that its third party complaint neither alleges nor argues for a federal common law right to a claim for contribution in a patent infringement case. (Resp. at iv.) Instead, Echoworx relies on the Texas contribution statute as the grounds for its third party complaint.

As a result, the Court is required to determine whether Texas's contribution statute may be applied in patent cases or whether the state contribution statute is preempted by the Patent Act.

### II.   Federal Patent Law Preempts a State Law Claim to Contribution in Patent Cases

Under the Supremacy Clause of the U.S. Constitution, state laws are invalid if they "interfere with, or are contrary to the laws of [Congress], made in pursuance of the [C]onstitution." U.S. Const., art. VI, cl.2; *Gibbons v. Ogden*, 22 U.S. (9 Wheat.) 1, 6 (1824). This case requires the Court to assess the relationship between the federal Patent Act and Texas contribution law. Specifically, the Court considers the question of whether 35 U.S.C. §§ 271 *et seq.* of the patent code preempts § 33.002(a)(1) of the Texas Civil Practice and Remedies Code ("Texas Proportionate Responsibility Statute").

Courts considering this issue have uniformly held that there is no claim for contribution under the Patent Act, and that none may arise under state law, as it is preempted by federal law. *See Chemtron, Inc. v. Aqua Products, Inc. et al.*, 830 F. Supp. 314, 316 (E.D. Va. July 29, 1993); *Linksmart Wireless Tech., LLC v. T-Mobile USA, Inc.*, No. 2:08-cv-264-DF-CE, 2010 WL 3816679 at *3 (E.D. Tex. Sep. 2, 2010); *Phillip M. Adams & Assocs., LLC v. Dell Inc.*, No. 1:05-cv-64TS, 2008 WL 4569895, at *2 (D. Utah Oct. 9, 2008); *Jack Frost Labs., Inc. v. Physicians & Nurses Mfg. Corp.*, 35 U.S.P.Q.2d 1631, 1633 (S.D.N.Y. 1995); *McNeilab, Inc. v. Scandipharm, Inc.*, No. Civ. A. 92-7403, 1993 WL 212424 (E.D. Pa. June 16, 1993); *Motorola, Inc. v. Varo, Inc.*, 656 F. Supp. 716, 717–18 (N.D. Tex. 1986); *Beneficial Franchise Co. v. Bank One, N.A.*, No. 00C2441, 2001 WL 936159, at *3 (N.D. Ill. Aug. 15, 2001). This Court agrees.

The Supreme Court has established three grounds for preemption: (1) explicit preemption, (2) field preemption, and (3) conflict preemption. *See Cover v. Hydramatic*, 83 F.3d 1390, 1393 (Fed. Cir. 1996). Here, the most relevant ground is *field* preemption. Field preemption provides that federal law preempts state law if "the scheme of federal regulation is so pervasive as to make reasonable the inference that Congress left no room for the States to supplement it." *Id.* (citing *Gade v. Nat'l Solid Wastes Mgmt. Ass'n*, 505 U.S. 88, 98 (1992)).

Microsoft argues that preemption bars Echoworx's claim because the federal patent laws occupy the field. Specifically, Microsoft asserts that comparative fault proceedings do not exist under federal patent law and any cause of action under the Patent Act is governed by federal law, not by state law. (Mot. at 6–7 (citing *Gade*, 505 U.S. at 98; *Bonito Boats, Inc. v. Thunder Craft Boats, Inc.*, 489 U.S. 141, 152 (1989) ("[S]tate regulation of intellectual property must yield to the extent that it clashes with the balance struck by Congress in our patent laws."))).

In response, Echoworx argues that this case is analogous to *Cover v. Hydromatic*. (Resp. at 3); *see Cover*, 83 F.3d 1390. In *Cover*, the Federal Circuit determined that the Patent Act occupied the field of patent law but did not preempt the field of commercial law. (Resp. at 3); *Cover*, 83 F.3d at 1393. Similarly, Echoworx argues, the Patent Act does not preempt the field of tort law generally. (*Id.* at 4.)

The Patent Act provides a comprehensive set of remedies to patentees, including a definition of contributory infringement. *See* 35 U.S.C. § 271 *et seq*. The Patent Act outlines multiple categories of potential liability of direct and indirect infringement, detailed remedies, and multiple exclusions, defenses, and presumptions. *See* 35 U.S.C. §§ 271(a)–(g), 273, 283–289, 295. Indeed, under the Patent Act, Congress developed a complex statutory scheme regarding remedies and liability in patent infringement cases, which evidences an intent by Congress to provide statutory remedies and not to give courts rule-making power to fashion remedies not otherwise provided for by statute. *See Jack Frost Labs., Inc. v. Physicians & Nurses Mfg. Corp.*, No. 92 Civ. 9264 (MGC), 1995 WL 293328, at *4 (S.D.N.Y. May 12, 1995).

Through the Patent Act, Congress completely occupied the field of patent remedies and infringement, therefore preempting any state provisions relating to patent rights in tort, including the Texas Proportionate Responsibility Statute.

Echoworx's arguments analogizing this case to the Federal Circuit's decision in *Cover* are not persuasive because the state statute there sounded in contract, unlike the state statute here, which sounds solely in tort. This Court does not reach the issue of whether the Patent Act preempts the field of tort law generally. Instead, this Court simply holds that the Patent Act preempts Echoworx's application of state law contribution claims sounding in tort in its third-party complaint.

## CONCLUSION

For the reasons set forth above, the Court finds that Microsoft's Motion to Dismiss Echoworx's Third-Party Complaint (Dkt. No. 54) should be and is hereby **GRANTED**. Furthermore, the Parties' Agreed Motion to Expedite Hearing (Dkt. No. 60) is **DENIED AS MOOT**.

**So ORDERED and SIGNED this 14th day of April, 2016.**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE